RICHARD JETER,

      Plaintiff,

vs.

A&S SERVICES GROUP, LLC, a
Limited Liability Company and
CURTIS WILLIAMS,

      Defendants.

_____/

IN THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT OF
FLORIDA, JACKSONVILLE DIVISION

Case No.: _____

## DEFENDANTS' NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

Defendants, A&S SERVICES GROUP, LLC, (hereinafter referred to by name or as "Defendant A&S"), and CURTIS WILLIAMS, by and through their undersigned attorneys, pursuant to the provisions of Title 28, USC §§1332, 1441 and 1446, hereby remove to the United States District Court for the Middle District of Florida, Jacksonville Division, an action pending in the Fourth Judicial Circuit in and for Duval County, Florida, captioned RICHARD JETER v. A&S SERVICES GROUP, LLC and CURTIS WILLIAMS.  In support thereof, Defendants would show:

1.      Plaintiff commenced this action in the Circuit Court of Duval County, Florida on April 5, 2019.  The Summons and Complaint were served on Defendant, A&S SERVICES GROUP, LLC, on April 25, 2019.  A copy of the Complaint, Summons and Return of Service are attached as exhibit "A".  The Summons and Complaint were served on Defendant, CURTIS WILLIAMS, on May 14, 2019.  A copy of the Complaint, Summons and Verified Return of Service are attached as exhibit "B".  On May 15, 2019, Defendants, A&S SERVICES GROUP, LLC and CURTIS WILLIAMS, responded to the Complaint with

an Answer and Defenses, a copy of which is attached hereto as exhibit "C." Additional filings in the state court are:

A.    Plaintiff's Notice of Propounding Interrogatories to Defendant, CURTIS WILLIAMS, dated April 5, 2019, exhibit "D."

B.    Plaintiff's Request to Produce to Defendant, CURTIS WILLIAMS, dated April 5, 2019, exhibit "E."

C.    Plaintiff's Notice of Propounding Interrogatories to Defendant, A&S SERVICES GROUP, LLC, dated April 5, 2019, exhibit "F."

D.    Plaintiff's Request to Produce to Defendant, A&S SERVICES GROUP, LLC, dated April 5, 2019, exhibit "G."

E.    Defendant, A&S SERVICES GROUP, LLC's, Notice of Service of Defendant's First Set of Interrogatories to Plaintiff dated May 15, 2019, exhibit "H."

F.    Defendant, A&S SERVICES GROUP, LLC's, First Request for Production to Plaintiff dated May 15, 2019, exhibit "I."

G.    Defendant, A&S SERVICES GROUP, LLC's, Medicare Request for Production to Plaintiff dated May 15, 2019, exhibit "J."

H.    Defendants' Notice of Production from Non-Party dated June 10, 2019, exhibit "K."

I.    Plaintiff's Verified Answers to Defendant's Interrogatories dated June 20, 2019, exhibit "L."

J.    Plaintiff's Response to Defendant's First Request to Produce dated June 20, 2019, exhibit "M."

K.   Plaintiff's Response to Defendant's Medicare Request for Production dated June 20, 2019, exhibit "N."

L.   Defendant, A&S SERVICES GROUP, LLC's, First Request for Admissions to Plaintiff dated June 25, 2019, exhibit "O."

M.   Plaintiff's Request for Copies dated June 28, 2019, exhibit "P."

N.   Plaintiff's Response to Defendant's First Request for Admissions dated July 2, 2019, exhibit "Q."

2.   This action is being removed to the United States District Court, pursuant to 29 USC §1332 because it involves a dispute between citizens of different states in which the amount in controversy exceeds the value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.   In the Complaint, the Plaintiff, Richard Jeter, is seeking monetary damages for personal injuries alleged to have been sustained as a result of a motor vehicle accident which it is alleged occurred on October 29, 2018, at or near the intersection of MLK Jr. Parkway and N. Myrtle Avenue in Jacksonville, Duval County, Florida.  As a result of the alleged accident, it is contended that the Plaintiff, Richard Jeter, "was injured in and about his body and/or aggravated a pre-existing condition of injury, suffered pain therefrom, incurred medical and related expenses in the treatment of his injuries, suffered physical handicap, suffered significant scarring and disfigurement, suffered psychological and emotional injuries, suffered loss of wages, and his working ability was impaired, sustained permanent injuries within a reasonable degree of medical probability and/or suffered permanent loss of an important bodily function, and has lost the capacity for the enjoyment of life."  See exhibit "A" at ¶¶ 10 and 18.

3.   Defendants understand that the Plaintiff's injuries claimed as a result of this

accident consist of injuries to his "legs, hip, [a] herniated disc, low back, neck, and shoulder." See Exhibit "L." Defendants further understand that the Plaintiff has incurred medical bills totaling at least $18,366.95, with medical bills from some of the Plaintiff's medical treatment provider(s) being noted as "amount unknown," as evidenced by the Plaintiff's Verified Answers to Defendants Interrogatories dated June 20, 2019, and Plaintiff's Response to Defendants First Request to Produce dated June 20, 2019. See exhibits "L" and "M." Based upon the Plaintiff's discovery responses, it is the Defendants understanding that to date the Plaintiff has undergone conservative treatment, physical therapy, diagnostic testing, electrodiagnostic testing/NCS/EMG, pain management, and treatment with an orthopedic surgeon.  See exhibits "L" and "M." Defendants further understand that the Plaintiff received a surgical recommendation and a recommendation to undergo injection therapy for his lumbar radiculopathy, including on December 20, 2018, February 11, 2019 and March 11, 2019, and recently began treatment with an orthopedic surgeon, Hares Akbary, M.D., of Jacksonville Spine and Pain (although Plaintiff has only produced one page of his initial visit with Dr. Akbary on March 28, 2019), as evidenced by the documents produced with the Plaintiff's Response to Defendants First Request to Produce dated June 20, 2019, exhibit "M."  Defendants further understand that the Plaintiff continues to receive treatment for pain management, including but not limited to injection therapy. However, the Plaintiff has not provided the Defendants with the medical records and/or bills in regard to the same, and has listed the amounts due and owing to this provider as unknown as evidenced by the Plaintiff's Verified Answers to Defendants Interrogatories dated June 20, 2019.  See exhibit "L." Defendants further understand that the Plaintiff is making a claim for lost wages and

alleges that his working ability has been impaired. See exhibit "A" at ¶¶ 10 and 18. However, the Plaintiff claims that the amount of his lost wages has not yet been determined as evidenced by the Plaintiff's Verified Answers to Defendant's Interrogatories dated June 20, 2019. See exhibit "L." Based upon the Plaintiff's discovery responses and the records attached thereto, the Plaintiff was employed by Norfolk Naval Shipyard as a submarine pipe installer earning $29/hour and was out of work for approximately three months suggesting that the Plaintiff's claimed lost wages exceed $13,920.00. See exhibits "L" and "M." Further, it is the Defendants' understanding that the Plaintiff's employment ended in June of 2019, although it is unclear as to whether the Plaintiff is claiming that the same is related to the accident at issue. See exhibit "L."

4.     Based upon the foregoing, the total amount of economic losses being claimed by the Plaintiff appear to exceed $32,286.95, not including those medical bills not yet produced in the matter and any claimed future medical treatment. These figures do not include the damages being claimed by the Plaintiff for the non-economic losses he claims to have sustained as a result of the alleged incident.

5.     28 USC §1332 provides that the United States District Courts shall have original jurisdiction when the matter in controversy exceeds or has a value of Seventy Five Thousand Dollars ($75,000.00) exclusive of interest and costs and is between citizens of different states. The pleadings and the additional materials exchanged thus far and referenced above, copies of which are attached, demonstrate that these requirements have been met in the following respects:

A.     The Plaintiff's Complaint alleges that the Plaintiff is a resident of Nassau County, Florida. See exhibit "A." Furthermore, Plaintiff has admitted that

he is a citizen of the state of Florida.  See exhibits "O" and "Q."

B.      The Defendant, A&S SERVICES GROUP, LLC, is incorporated in the State of Delaware with its principal place of business in Pennsylvania.  The sole member of A&S SERVICES GROUP, LLC is McCain Foods USA, Inc., which is incorporated in the State of Maine with its principal place of business in Illinois.  See exhibit "R."  For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members.  *Rolling Greens MHP, L.P v. Comcast Holdings, LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004) (holding that a limited liability company is a citizen of any state of which a member of the company is a citizen.); *Mallory & Evans Contractors & Engineers, LLC v. Tuskegee University*, 663 F.3d 1304 (11th Cir. 2011).  Consistent with these authorities, Defendant, A&S SERVICES GROUP, LLC, is, therefore, considered to be a citizen of the state of Maine and Illinois.

C.      The Defendant, CURTIS WILLIAMS, is a resident and citizen of the State of Georgia.  See exhibits "A," "C," and "Q."

D.      Although the Plaintiff's Complaint is silent as to the specific dollar amount of the underlying claim it is undisputed, as indicated above, that this is an action seeking monetary damages as a result of a motor vehicle accident in Jacksonville, Duval County, Florida which is alleged to have occurred on October 29, 2018, as discussed in further detail in paragraph 2 above.

E.      Based upon the allegations in the Complaint, the information provided by the Plaintiff concerning his claimed injuries and damages in his recent discovery responses, it is obvious that the Plaintiff's claimed injuries and damages

in this matter exceed or have a value of Seventy Five Thousand Dollars ($75,000.00).

      F.    Additionally, in Defendant, A&S Services Group, LLC's, First Request for Admissions served on June 25, 2019, Defendant, among other things, asked the Plaintiff to admit that "The matter in controversy in this litigation does not exceed the sum or value of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interest." Rather than admit or deny the request as phrased, in a clear attempt to avoid making any commitment which he might later come to regret, and clearly in an attempt to keep open all of his options, chief of which is to avoid removal yet still be able to claim in state court damages in excess of $75,000, Plaintiff responded:

Plaintiff cannot admit or deny as the amount in controversy has yet to be determined. Plaintiff has at no point made a demand, received an offer or stated the amount in controversy exceeds $75,000 nor has any party established by a preponderance of the evidence that the amount in controversy exceeds the sum of $75,000. See Tapscott v. MS Serv. Dealer Corp., 77F.3d 1353, 1356-57 (11th Cir. 1996) Liability, comparative negligence, causation, pre-existing issues, failure to mitigate, failure to satisfy Florida's no-fault threshold, allegations of intervening and superseding actions and/or omissions, acts of God and failure to wear a seat-belt defenses among others were raised by this Defendant in its answer, which may potentially affect the amount in controversy. An assertion at this point that the amount in controversy is in excess of the sum of $75,000, in light of the above defenses, would be merely conclusory and speculation without underlying facts to support same. See Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002).

Additionally, attached in support of the foregoing, is an Order on the April Brown v. Wal-Mart Stores East, LP, Case #8:18-cv-82-T-26TBM from United States Middle District Judge Richard A. Lazzara wherein the Court *sua sponte* remanded said case.

See exhibits "O' and "Q," ¶¶1-12.[1]

Such feigned ignorance, designed solely to attempt to deny Defendants their statutory right to remove this action to federal court, is improper and should be rejected by this Court. *Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1380 (M.D. Fla. 2009); *Morock v. Chautauqua Airlines, Inc.*, 2007 U.S. Dist. LEXIS 43133 (M.D. Fla. 2007); *Wilson v. Target Corp.*, 2010 U.S. Dist. LEXIS 96399 (S.D. Fla. 2010). This feigned ignorance should be treated by this Court as an admission and confirmation that the minimum required jurisdictional amount is satisfied in this cause.

6.     As a result, while taken separately the allegations in the operative Complaint, the Plaintiff's response to Defendant's Request for Admissions and Plaintiff's other discovery responses, each by themselves, might not prove by a preponderance of the evidence that more than $75,000 is in controversy, Defendants submit that together they suffice. *Stephenson v. Amica Mut. Ins. Co.*, 2014 U.S. Dist. LEXIS 116617 (M.D. Fla. 2014)[2]; *Wilson v. Target Corp.*, 2010 U.S. Dist. LEXIS 96399 *3-4 (SD Fla. 2010) (finding that a pre-suit demand letter and a plaintiff's "noncommittal responses" to requests for admissions sufficiently demonstrated a $75,000 amount in controversy).

7.     This Court has original jurisdiction of this action pursuant to 28 USC §1332

---

[1] It should be noted that the objections raised and gamesmanship tactics employed by the Plaintiff have been rejected by the Florida courts. For example, in the case of *Sunrise Mills (MLP) Ltd. Partnership v. Adams,* 688 So2d 464 (Fla. 4th DCA 1997) the court rejected the claim that this type of request for admission was improper, concluding that the plaintiff's objections were "entirely unfounded." 688 So.2d at 465. Similarly, in *K-Mart Corp. v. Fernandez,* 623 So.2d 846 (Fla. 2d DCA 1993) the court noted that: "request for admissions is a proper method to ascertain the amount in controversy for removal purposes." 623 So.2d at 847.

[2] In his opinion, Judge Dalton noted that: "while genuine jurisdictional ambiguities must be resolved in favor of remand, *see Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), jurisdictional ambiguities of a plaintiff's own creation generally weigh in favor of removal. *See, e.g., Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1380 (M.D. Fla. 2009) (finding that "deliberately equivocal interrogatory responses" weigh in favor of removal). The increasingly common practice among plaintiffs of equivocating to avoid removal is therefore counterproductive as well as inconsistent with counsel's obligation for candor."

as it is a civil action in which the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) and is between citizens of different states. As a result, this action is properly removable to this Court pursuant to 28 USC §1441.

8.     This Notice of Removal has been filed within the time frame specified by law pursuant to 28 USC §1446 (b)(3)(A).  Specifically, within thirty (30) days of the Defendants' receipt on June 20, 2019, of the Plaintiff's Notice of Serving Verified Answers to Defendant's Interrogatories, exhibit "L," and the Plaintiff's Response to Defendant's First Request to Produce dated June 20, 2019, exhibit "M," the first date on which the Defendants were able to determine that this cause was removable to this Court.

9.     Promptly after the filing of this Notice of Removal, a true copy was filed with the Clerk of the Circuit Court for Duval County, Florida.

10.     Written notice of filing this Notice of Removal has been given to the adverse party as required by law in 28 USC §1446 (b) (3).

[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on or about July 19, 2019, the foregoing was filed with the Clerk of this Court. I also certify that the foregoing document is being served by electronic mail this day on counsel for the Plaintiff: Randall Rutledge, Esquire, Farah & Farah, P.A., 10 West Adams Street, 3rd Floor, Jacksonville, FL 32202, rrutledge@farahandfarah.com, and adowns@farahandfarah.com in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Matthew R. Schreck
P. RAÚL ALVAREZ, JR., ESQUIRE
Florida Bar No.: 775215
BRIAN D. STOKES, ESQUIRE
Florida Bar No.: 436968
MATTHEW R. SCHRECK, ESQUIRE
Florida Bar No.: 0123062
ADAM A. STETSON, ESQUIRE
Florida Bar No.: 75106
Alvarez, Winthrop, Thompson & Storey, P.A.
390 North Orange Avenue, Suite 600
Orlando, Florida 32801
Telephone No. (407) 210-2796
Facsimile No.  (407) 210-2795

Designated Email Addresses:
pra@awtspa.com; bstokes@awtspa.com;
mschreck@awtspa.com;
mquilez@awtspa.com; jsantana@awtspa.com;
icasals@awtspa.com; astetson@awtspa.com